UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOCELYN ALDINO,                 :

                               :        **MEMORANDUM & ORDER**

               Plaintiff,      :       18-CV-6781 (DLI)(CLP)

                               :

      -against-                :

                               :

I.K. SYSTEMS, INC., and RASHIKA SINHA,   :

                               :

            Defendants.     :

                               :
------------------------------------------------------------------ x
**DORA L. IRIZARRY, United States Chief District Judge:**

Jocelyn Aldino ("Plaintiff") filed the instant action against Defendants I.K. Systems, Inc. and Rashika Sinha ("IKS", "Sinha", or collectively "Defendants"), claiming unlawful discrimination, retaliation, and wrongful termination by Defendants against Plaintiff on the basis of her disability. Presently before the Court is Defendants' motion to dismiss the Complaint for improper venue or, in the alternative, transfer the case to the U.S. District Court for the Western District of New York ("Western District of New York"). For the reasons set forth below, Defendants' motion for a transfer of venue to the Western District of New York is granted.

## BACKGROUND

### I.    The Parties

Plaintiff is a resident of Monroe County, New York. (*See*, Complaint ("Compl."), Dkt. Entry No. 1, ¶ 9.) IKS is a corporation involved in the provision of security services, organized under the laws of the state of New York, with a principal place of business in Victor, New York, which is in Ontario County. (*See*, Declaration of Melissa Marcella ("Marcella Decl.") Dkt. Entry No. 10-1, ¶ 3.), Sinha resides in Monroe County, is employed by IKS as Director of Operations, and primarily works from the IKS office in Victor, New York. (*See*, Declaration of Rashika Sinha

("Sinha Decl."), Dkt. Entry No. 10-2, ¶ 3.) On November 30, 2018, Plaintiff, a former IKS employee, filed suit in this district against Defendants alleging unlawful discrimination, retaliation, and wrongful termination in violation of the Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL"). (Compl. ¶¶ 1-2.)

## II.    Relevant Facts and Procedural History

In or around January 2000, Plaintiff was diagnosed with depression and anxiety, which are qualifying disabilities under the ADA. (Compl. ¶ 14.) IKS hired Plaintiff on March 27, 2017 as a Software Specialist to work at various sites including a casino, a retail outlet, a hospital, and a prison. (*Id.* ¶¶ 15-18.) In or around July 2017, IKS assigned her to work at a New York State Department of Corrections maximum security prison in Malone, New York. (*Id.* ¶ 19.) Pursuant to her doctor's instructions to alleviate anxiety, on September 5, 2017, Plaintiff requested a new assignment as an accommodation. (*Id.* ¶ 25.) The same day, Sinha denied Plaintiff's accommodation request, claiming that the doctor's note was insufficient to justify reassignment and Plaintiff's disability would not be affected by her assignment to the maximum security prison. (*Id.* ¶ 29.)

On September 6, 2017, Plaintiff submitted another doctor's note to Defendants seeking accommodation in the form of a new assignment due to her anxiety and panic attack disorders. (*Id.* ¶ 36.) On September 7, 2017, IKS assigned her to work at a new site, but switched her full time employment status to contract basis and revoked her pay differentials, benefits, paid time off, and health insurance benefits. (*Id.* ¶¶ 38-42.) That same day, Plaintiff complained to IKS that they were discriminating against her because of her disability. (*Id.* ¶ 45.) Work at the new location

ended on September 27, 2017, at which time Plaintiff's employment with IKS effectively was terminated. (*Id.* ¶ 38.)

On May 29, 2019 Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 6.) On or about September 5, 2018 Plaintiff received a Right to Sue Letter from the EEOC. (*Id.* ¶ 7.) Plaintiff filed the instant Complaint on November 29, 2018 contending that Defendants failed to reasonably accommodate her disability, discriminated against her, and unlawfully terminated her because she complained about and opposed Defendants' unlawful conduct related to her disability. (*Id.* ¶ 48.) Defendants filed the instant motion to dismiss or, in the alternative, transfer venue on January 18, 2019. (Dkt. Entry No. 10.) Plaintiff filed an opposition on February 1, 2019, arguing that her choice of forum should remain undisturbed or, in the alternative, that the action should be transferred to the Western District of New York instead of being dismissed outright. (Dkt. Entry No. 13.) Defendants filed a reply memorandum in support of their motion on February 8, 2019. (Dkt. Entry No. 14).

## DISCUSSION

### I.     Venue in the Eastern District of New York is Improper

To survive a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of proving that venue is proper. *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp.2d 543, 551 (E.D.N.Y. 2011). When considering such a motion, "the Court accepts facts alleged in the complaint as true and draws all reasonable inferences in [plaintiff's] favor." *Person v. Google Inc.*, 456 F. Supp.2d 488, 493 (S.D.N.Y. 2006) (internal quotation omitted). Should Plaintiff fail to satisfy her burden of showing that her choice venue is proper, the Court may dismiss the case or

transfer it to any district where the case could initially have been brought. *See, Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1996) (citing 28 U.S.C. § 1406(a)).

Defendants contend that Plaintiff has failed to meet her burden of showing that venue in this District is proper. The Court agrees. Pursuant to 28 U.S.C. § 1391, an action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Applying the venue statute to the instant case, it is clear that venue is not proper in the Eastern District of New York ("EDNY"). First, while both Defendants are residents of the State of New York, neither reside in this district. IKS's principal place of business is in Ontario County and Plaintiff does not contest Defendants' claim that IKS's attenuated contacts with this district are insufficient to render it a resident of the EDNY under the venue statute. (Marcella Decl. ¶ 3); 28 U.S.C. § 1391(d). Sinha is a resident of Monroe County which, like Ontario County, is in the Western District of New York. (Sinha Decl. ¶ 3.) Second, none of the events related to Plaintiff's employment with IKS occurred in the Eastern District of New York. Consequently, the Court finds that venue in this Court is improper, but that, as explained below, transfer of the action to the Western District of New York, rather than dismissal, is appropriate.

## II.    Transfer of Venue under 28 U.S.C. § 1404(a)

A district court may transfer a civil action to any other district where the action might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  When making a motion to transfer venue, "[t]he party requesting transfer carries the burden of making out a strong case for transfer."  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (internal quotation omitted).  At the same time, "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."  *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

To determine whether a motion to transfer venue should be granted, the court applies a two-pronged test, asking: "(1) whether the action could have been brought in the proposed forum; and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice."  *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp.2d 342, 348 (E.D.N.Y. 2012) (internal quotation omitted).

In this case, both prongs of the requisite two-part inquiry counsel in favor of transfer.  With regard to the first prong, while Plaintiff opposes transfer of the action, the parties do not dispute that this action could have been brought in the Western District of New York.  Both Plaintiff and Sinha reside in Monroe County, which is in the Western District of New York, and IKS has its principal place of business in the Western District of New York.  Therefore, the remaining inquiry is whether a transfer would promote the convenience of the parties and witnesses and would be in the interest of justice.

In making this determination, the Court considers the following non-exhaustive list of factors, none of which is dispositive: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See*, *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp.2d 370, 373 (S.D.N.Y. 2006).

## 1.     Convenience of the Witnesses

Convenience of the witnesses weighs in favor of transfer.  The convenience of the witnesses is one of the most important considerations when deciding a motion to transfer venue. *See*, *Schwartz v. Marriot Hotel Serv., Inc.*, 186 F. Supp.2d 245, 249 (E.D.N.Y. 2002) (citation omitted).  "The convenience of non-party witnesses is accorded more weight than that of party witnesses." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp.2d 542, 546 (S.D.N.Y. 2008) (quoting *Indian Harbor Ins., Co. v. Factory Mut. Ins. Co.*, 419 F. Supp.2d 395, 402 (S.D.N.Y. 2005)); *See also*, *MBCP Peerlogic LLC v. Critical Path, Inc.*, 2002 WL 31729626, at *3 (S.D.N.Y. Dec. 5, 2002) ("a motion to transfer usually requires that 'the movant must support the transfer application with an affidavit containing detailed factual statements relevant to the factors [to be considered by the court in its transfer decision], including the potential principal witnesses expected to be called and a general statement of the substance of their testimony.'") (quoting *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp.2d 203, 208 (S.D.N.Y. 1998)).

In their moving papers, Defendants name various potential party and non-party witnesses, all of whom reside in the Western District of New York. Sinha, along with Melissa Marcella, Chief Operating Officer of IKS, and Juan Gonzalez, a former employee of IKS, are all residents of Rochester, New York, in the Western District of New York. (Marcella Decl. ¶ 18.) Keith Kedrowski, former Director of Support Services of IKS and Plaintiff's former supervisor, is a resident of Monroe County, New York, which is in the Western District of New York. (*Id.* ¶ 8.) Plaintiff's medical provider, who wrote the notes to Defendants concerning Plaintiff's condition, is also located in Monroe County. (*Id.* ¶ 18.) Plaintiff does not identify any potential witnesses who reside in this district. (*See generally*, Compl.) Thus, this factor weighs in favor of transfer.

### 2. Convenience of the Parties

The convenience of the parties also weighs in favor of transfer. In analyzing the convenience of the parties, "[t]he logical starting point is a consideration of [their] residence." *U.S. Fidelity & Guar. Co. v. Republic Drug Co.*, 800 F. Supp. 1076, 1080 (E.D.N.Y. 1992). As noted above, the Plaintiff, Defendants, and witnesses all reside in the Western District of New York. The convenience of the parties thus weighs in favor of transfer.

### 3. Location of Relevant Documents and Relative Ease of Access to Sources of Proof

No relevant documents that are located in this district have been brought to the attention of the Court. Even if there had been any, courts do "not view this factor as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production." *EasyWeb Innovations, LLC*, 888 F. Supp.2d at 352; *See also*, *Williams v. Swack*, 2013 WL 5423791, at *7 (E.D.N.Y. Sept. 26, 2013) ("Given modern technological capacity for transmitting documents, this factor has become less important."); *Am.*

*S.S. Owners Mut. Prot. and Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp.2d 474, 484 (S.D.N.Y. 2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.").  Therefore, this factor is neutral.

### 4.    Locus of Operative Facts

The locus of operative facts factor weighs in favor of laying venue in the Western District of New York.  Transfer is favored when a party is unable to show that any of the operative facts arose in the chosen forum.  *See*, *Everlast World's Boxing Headquarters Corp. Ringside, Inc.*, 928 F. Supp.2d 735, 745 (S.D.N.Y. 2013).  Since none of the operative alleged acts of employment discrimination occurred in the Eastern District of New York, this factor weighs in favor of transfer.

### 5.    Availability of Process to Compel the Attendance of Unwilling Witnesses

The parties could face difficulties related to the enforcement of subpoenas if the Court does not grant the instant motion.  A district court may not issue a subpoena directing a witness to travel more than 100 miles.  *Horanzy v. Vemma Nutrition Co.*, 87 F. Supp.3d 341, 349 (N.D.N.Y. 2015) (internal citation omitted).  Since all known potential witnesses reside in the Western District of New York and would be beyond the subpoena power of this Court, this factor weighs in favor of transfer.

### 6.    Relative Means of the Parties

This is a neutral factor because no party has provided evidence on the issue.  "When a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed."  *EasyWeb Innovations, LLC*, 888 F. Supp.2d at 354-55 (quotation omitted).  A party arguing against transfer on these grounds must offer documentation substantiating the burden

that a transfer would impose. *Bombardier Capital, Inc. v. Solomon*, 2000 WL 1721138, at *4 n.11 (S.D.N.Y. Nov. 17, 2000). Plaintiff has not offered any such documentation, so the relative means of the parties is a neutral factor.

### 7. Forum's Familiarity with the Governing Law

The judiciary in both the Eastern and Western Districts of New York are equally familiar with the applicable law. "Where an action does not involve complex questions of another state's laws, courts in this district accord little weight to this factor on a motion to transfer." *Schwartz*, 186 F. Supp.2d at 251 (internal quotation omitted). Accordingly, the forum's familiarity with the governing law is a neutral factor.

### 8. Weight Accorded to Plaintiff's Choice of Forum

Relatively little deference is due to Plaintiff's choice of forum in this case. A plaintiff's choice of forum is not outcome determinative, and is "accorded substantially less deference when the forum is neither the plaintiff's home nor the place where the operative facts of the action occurred." *United States CFTC v. Wilson*, 27 F. Supp.3d 517, 537 (S.D.N.Y. 2014) (internal quotation omitted). Here, Plaintiff's residence is in the Western District of New York where all of the operative facts occurred. (Compl. ¶ 9) This district has no ties to this litigation other than its having been filed here. This factor, thus, carries no weight in the transfer analysis.

### 9. Trial Efficiency and the Interests of Justice

Finally, considerations of trial efficiency and the interests of justice weigh in favor of transfer. As consideration of the preceding factors reveals, this district has little connection to this action aside from being Plaintiff's forum of choice. Rather, the "center of gravity" of this litigation is in the Western District of New York. *See*, *Bombardier Capital Inc. v. Solomon*, 2000 WL

1721138, at *2 (S.D.N.Y. Nov. 17, 2000) ("The core determination under Section 1404(a) is the center of gravity of the litigation.") (citation omitted). Plaintiff has failed to show that this case has any fundamental connection to the Eastern District of New York. By contrast, all the factors discussed above justify transfer to the Western District of New York, which will promote efficiency and the interests of justice. Accordingly, this factor favors transfer to the Western District of New York.

## III.  Transfer of Venue under 28 U.S.C. § 1406(a)

As an alternative to 28 U.S.C. § 1404(a), 28 U.S.C. § 1406(a) provides: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Second Circuit has held that § 1406(a) permits courts to transfer cases in the interest of justice whenever either personal jurisdiction or venue is improper. *See*, *Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 79 (2d Cir. 1978); *See also*, *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (discussing 28 U.S.C. § 1406(a)).

For the same reasons that transfer is appropriate under 28 U.S.C. § 1404(a), it is appropriate under 28 U.S.C. § 1406(a). "[C]ourts have recognized that if transfer pursuant to 1404(a) is appropriate, then *a fortiori* transfer is appropriate under 1406(a) . . . and that the crucial determination under either section is whether the proposed transfer is in the interest of justice." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp.2d 391, 400 n.3 (S.D.N.Y. 2004) (internal citations and quotation omitted). The Second Circuit has held that "[c]ourts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel*, 428 F.3d at

435.  In light of the foregoing, the Court finds that it is in the interests of justice to exercise its discretion to transfer this case to the Western District of New York.

## **CONCLUSION**

Analysis of the venue factors in the context of the instant action demonstrates that venue in the Eastern District of New York is not proper and the Western District of New York is the only proper forum for this litigation.  Therefore, Defendants' motion to dismiss is denied and Defendant's motion to transfer venue is granted.  The Clerk of the Court is directed to transfer this case to the U.S. District Court for the Western District of New York.

SO ORDERED.

Dated: Brooklyn, New York
        September 30, 2019


                                            _____/s/_____
                                            DORA L. IRIZARRY
                                            United States District Judge